SUPERIOR COURT
OF THE
STATE OF DELAWARE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

June 14, 2017

Millard E. Price
SBI # 441452
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Ophelia M. Waters, Esq.
Deputy Attorney General
820 North French Street
Wilmington, Delaware 19801

   RE: *Millard E. Price v. Robert Coupe*
   C.A. No.: S17M-01-001 RFS

DATE SUBMITTED: April 20, 2017

Dear Parties:

Before the Court is Respondent Robert Coupe, Commissioner Department of Correction's ("Respondent") Motion to Dismiss. This Motion seeks to Dismiss Petitioner Millard E. Price's ("Petitioner") application for a writ of mandamus to be issued to the Department of Correction ("DOC") regarding his meritorious credit time. Before the Court is also Petitioner's Motion for Discovery and Inspection. Respondent's Motion to Dismiss is **DENIED** and Petitioner's Motion for Discovery and Inspection is **GRANTED** in part.

## I.  BACKGROUND

Petitioner alleges that DOC has failed to grant all of the meritorious credit time he is due. Therefore, Petitioner filed an application for a writ of mandamus to order DOC to correct this error

1

and adjust his release date accordingly. He alleges he worked at the James T. Vaughn Correctional Center ("JTVCC") from June 2008 to March 2010 while he was on pretrial detention; a period of 21 months. 11 *Del. C.* § 4381(d) allows for an award of up to five days of credit time per month for time worked.[1] Therefore, Petitioner claims he is entitled to 105 days of credit time. Further, Petitioner states that he has requested information from JTVCC regarding this issue, but has received an inadequate response. He argues that JTVCC is the sole custodian of the records that document his work during the time period in question; thus, in Petitioner's view, Respondent must provide him with the necessary records.

After reviewing the Petitioner's application for a writ of mandamus, this Court, hoping for an early and easy resolution of the meritorious credit time issue, sent Respondent a letter requiring DOC to submit an affidavit from the appropriate person addressing whether Petitioner has received meritorious credit time for work performed from June 2008 to March 2010; if not, why not; and if so, what amount he has received and why.

Linda Martin ("Martin"), an Information Resource Manager of Central Offender Records, filed an affidavit. Therein, she stated:

> 4. …Upon further research in communicating with the facility (JTVCC); [sic] it was discovered that there were an additional 53 days earned that were not previously reported between the timeframe [sic] of August 2008 to August 2009.
> 5. The total credits that have been reported and deducted from his release date is 397 days; these credits were earned between a timeframe [sic] of August 2008 through December 2016.[2]

The affidavit did not provide any support for the calculations.

---

[1] 11 *Del. C.* § 4381(d), provides in pertinent part:

> "Good time" may be earned by participation in education, rehabilitation, work, or other programs as designated by the Commissioner. Good time may be awarded for satisfactory participation in approved programs at a rate of up to 5 days per calendar month.

[2] Martin Aff.

2

Respondent now has filed a Motion to Dismiss Petitioner's application for a writ of mandamus. Respondent's Motion states the following:

> 4. …The DOC has awarded Price with meritorious goodtime credits for the months of August 2008, September 2008, and December 2008. No records indicate that Price earned any credits during the months of June, July, October, and November 2008. The DOC has awarded Price with meritorious goodtime credits for all of the months in 2009. The DOC has also awarded Price with meritorious goodtime credits from January, February, August, September, October, November, and December 2010. The DOC has done so despite the absence of records indicating the Price earned any credits during the months of March, April, May, June, and July 2010.[3]

The Motion also explains that DOC reached out to JTVCC's Business Office to obtain any documentation of Petitioner's work as an inmate. The Business Office supplied his inmate statements, which showed when Petitioner had worked. According to DOC, "Central Offender Records then posted those credits earned, August 2008 through February 2010 based on the information supplied to JTVCC."[4] Petitioner also was awarded meritorious credits for work he performed in February 2016.

In total, according to Respondent's Motion, Petitioner has been awarded 402 days of meritorious credit time, which Respondent believes is the maximum that is statutorily permitted. In sum, Respondent argues that it has taken the necessary action to ensure Petitioner has been awarded all due meritorious credit time. Further, Respondent takes issue with Petitioner's failure to submit any documentation to support his contention.[5] Therefore, Respondent moved for dismissal.

In response to the Motion to Dismiss, Petitioner submitted an affidavit. The affidavit stated that Petitioner possessed account statements provided by the JTVCC Business Office for June 2008 to January 2011. These statements show 1099 payments for employment during the said timeframe, which demonstrate a 21 month period of continued employment. Further, the affidavit stated that in

---

[3] Resp't. Mot. Dismiss 2-3. The Court notes that the last two sentences of this paragraph are unclear, but perhaps provide some insight into the reasoning behind DOC award of meritorious credit time to Petitioner.
[4] *Id.* at 4.
[5] Respondent does not account for the fact that it is the custodian of the very records Petitioner needs to prove his case and that such information has not been provided to Petitioner by Respondent, despite Petitioner's attempts to gain access to the records. Price Aff.

December 2016 Counselor Kemp, a counselor at the prison, discussed with Petitioner that DOC records were not showing meritorious credit time that had been awarded from June 2008 to February 2010. Rather, the earliest credits shown were given in March 2010. Finally, Petitioner asserted in his affidavit that he was a hostage in the recent hostage episode at JTVCC, and that, due to his involvement in the incident, his paperwork supporting his contentions has been destroyed. Thus, Petitioner argues that the only way to verify his employment and meritorious credit time is through DOC records.

Additionally, Petitioner filed a Motion for Discovery and Inspection. He seeks:

1.  A copy of all meritous [sic] good time awarded to Plaintiff from June 2008 to date, itemized on a monthly basis. A.K.A. Meritous [sic] Good Time Credits Report, monthly.
2.  A copy of Plaintiff's business account statement reflecting all debits, credits, and 1099 wage payments from June 2008 to date.
3.  Any and all destination sheets demonstrating Plaintiff's reporting and departure from assigned work area from June 2008 to March 2010, specifically demonstrating date and times.
4.  Any and all reports and/or statements used to calculate wages paid to Plaintiff from June 2008 to March 2010.[6]

## II. STANDARD OF REVIEW

Here, the Motion to Dismiss must be treated as a motion for summary judgment. The Court in *Mell v. New Castle* County explained:

> Delaware courts follow the federal practice when determining whether the presentation of matters outside of the pleadings will convert a motion to dismiss to a motion for summary judgment. The critical questions in the analysis are whether the extraneous matters are integral to and have been incorporated within the complaint and whether they have been offered to the court to establish the truth of their contents. If the extraneous matters have been offered to establish their truth, the court must convert the motion to dismiss to a motion for summary judgment.[7]

---

[6] Pet.'s Mot. Disc. Inspection 1-2.
[7] *Mell v. New Castle*, 835 A.2d 141, 144 (Del. Super. Ct. 2003).

4

In this case, Petitioner submitted an affidavit to be considered by the Court. Therefore, Respondent's Motion to Dismiss must be converted to a motion for summary judgment.[8]

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[9] The moving party bears the initial burden of showing no material issues of fact are present.[10] If the moving party properly supports their motion, the burden then shifts to the non-moving party to rebut the contention that no material issues of fact exist.[11] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-moving party.[12]

## III. ANALYSIS

First, it is important to note that case law establishes Petitioner's right to the meritorious credit time he is due. In *Owens v. State* the Superior Court explained:

> [An] inmate is not automatically entitled to meritorious credit time. However, if DOC has a policy to award meritorious credits for participation in a program or work, then it must award those credits. Should it fail to do so, then…[the inmate] is entitled to a writ of mandamus regarding such credits.[13]

In accordance with *Owens*, Respondent must award Petitioner all meritorious credit time he is due. Therefore, information regarding the time that Petitioner has worked while in custody must be produced. This has not yet been done. The Court holds that it is desirable to inquire more thoroughly into the facts in order to clarify the application of the law to the facts.[14] Thus, Respondent's Motion to Dismiss is denied.

---

[8] Super. Ct. Civ. R. 12(c).
[9] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[10] *Id.* at 681.
[11] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).
[12] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[13] *Owens v. State*, 2010 WL 8250841, at *6 (Del. Super. Ct. Dec. 6, 2010).
[14] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

5

From a previous case, the Court is aware that DOC possesses detailed information on inmates' credit time from August 2006 to the present and a report, called a DACS Report, can be generated reflecting this information.[15] Petitioner's DACS Report should have been included with Martin's affidavit, but it was not. Without this information, the Court is unable to appropriately evaluate the meritorious credit time owed to Petitioner. Martin's affidavit alone was not sufficient because it only addressed credit time from the period of August 2008 to August 2009; yet, Petitioner also contended that he worked during June and July 2008 and from September 2009 to March 2010.

The Court now requests that Petitioner's full DACS Report be provided. The DACS Report must reflect the dates on which Petitioner earned meritorious credits, the amounts of and bases for the credits earned on those dates, the amount of credits eligible for deduction from Petitioner's release date, and Petitioner's adjusted release date.

Moreover, Petitioner has cast doubt upon whether DOC possesses sufficient information on Petitioner's work history. Petitioner has alleged under oath that Counselor Kemp informed him that DACS previously failed to incorporate information on Petitioner's

---

[15] *Morgan v. McBride*, C.A. No. S14M-04-032 RFS, Aug. 20, 2014. In his affidavit Toby Davis, Information Resource Manager for Records, explained the following in the *Morgan* case:

> 2. In order to execute my duties, I have been granted access to confidential supervision histories and other case records pertaining to each inmate. Those records are contained within the DOC's Delaware Automated Corrections System ("DACS") and/or the physical filed maintained by Central Offender Records for each inmate.
> 3. DACS is an electronic database that electronically stores information related to each DOC inmate, including information relating to meritorious goodtime credits earned by each inmate. DACS went "online" in February of 2008 and contains an electronic record of all meritorious credits earned by each inmate since that time. Certain historical information was manually entered into DACS from the old "paper records," including meritorious goodtime credits for the period August 2006 to February 2008. **As a consequence, DACS now contains a complete electronic record of meritorious credits earned by each inmate from August 2006 to present.**
> 4. After searching DACS for inmate Thomas Morgan, I was able to review and print a DACS-generated report reflecting meritorious credits earned by Mr. Morgan from August 2006 to present (the "DACS Report"). The DACS Report reflects the dates on which Mr. Morgan earned meritorious credits, the amounts of the bases for the credits earned on those dates, the amount of credits eligible for deduction from Mr. Morgan release date, and Mr. Morgan's adjusted release date. [Emphasis added].

6

work while he was at pretrial detention. If Counselor Kemp is still working at JTVCC, DOC is required to consult with this person to obtain pertinent information.

Finally, Respondent is in possession of all documents that could provide the information necessary to resolve this matter; therefore, DOC must produce to Petitioner all documents pertaining to Petitioner's work history.

Considering the foregoing, Respondent's Motion to Dismiss is **DENIED** and Petitioner's Motion for Discovery and Inspection is **GRANTED** only to the extent provided for in this opinion.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

7